UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JOEL JEANNITE,<br>        Plaintiff,<br><br>        v.<br><br>DEBBIE AMARAL,<br>        Defendant. | )<br>)<br>)<br>)   Civil Action No.<br>)   23-11978-NMG<br>)<br>)<br>)<br>) |

**MEMORANDUM & ORDER**

**GORTON, J.**

Pro se plaintiff Joel Jeannite brings this action in which he alleges that an employee of the Malden YMCA discriminated against him on the basis of race when she required him to exit the pool area a prior to its regular closing time. For the reasons stated below, the Court will dismiss this action with prejudice.

**I.   Failure to Resolve the Filing Fee**

Instead of paying the $402 fee for commencing a non-habeas civil action, Jeannite filed an Application to Proceed without Prepayment of Fees ("Application") (often referred to as a motion for leave to proceed in forma pauperis). On September 11, 2023, the Court denied the Application without prejudice and ordered Jeannite to pay the $402 filing fee or file a renewed Application. The Court stated that failure to do so within twenty-one days would result in dismissal of this action.

The Clerk mailed a copy of the order to Jeannite at the address he had provided: 1756 Dorchester Avenue, Dorchester, MA 02124. On October 2, 2023, the copy of the September 11, 2023 order that the Clerk mailed to Jeannite was returned as undeliverable. (Dkt. No. 5). Jeannite has not provided another address for service.

The deadline for complying with the filing fee order has passed without any response from Jeannite. This case is subject to dismissal on that basis alone. That the copy of the September 11, 2023 order mailed to Jeannite was returned as undeliverable is irrelevant under the circumstances. Jeannite is deemed to have been properly served if the Clerk mailed the order to the address of record. See L.R. 83.5.5(h) (D. Mass.) ("Any notice sent by the clerk or any party to a pro se party shall be deemed delivered and properly served if sent to the most recent address or e-mail address provided by the pro se party.").

Even if the address the Clerk used was correct, but the mail was erroneously returned as undeliverable, Jeannite had a duty to inquire about the status of this case. Due to the large number of cases he filed in August 2023, he received ample notice that his Application was defective. The clerk sent eighteen similar orders dated August 30 or August 31, 2023 concerning the filing fee to Jeannite at the address provided in

2

this action.[1]  None of these orders were returned as undeliverable, and all of the cases were subsequently dismissed because Jeannite failed to respond to the orders regarding the filing fee.  As with those cases, it appears that Jeannite commenced this action without any serious intention of prosecuting his claims.  Such conduct is an abuse of the judicial system and could result in sanctions.

**II.  Review of the Complaint**

Because Jeannite is not proceeding in forma pauperis, the complaint is not subject to screening under 28 U.S.C. § 1915(e)(2).  Nonetheless, a court has the inherent power to dismiss a frivolous complaint, regardless of the status of the filing fee.  See Mallard v. United States Dist. Court, 490 U.S. 296, 307-308 (1989); Fitzgerald v. First E. Seventh St. Tenants Corp., 221 F.3d 362, 363 (2d Cir. 2000) (per curiam); Brockton Sav. Bank. v. Peat, Marwick, Mitchell & Co., 771 F.2d 5, 11 n.5 (1st Cir. 1985).  In legal parlance, a complaint is "frivolous,"

---

[1] See Jeannite v. Perez, C.A. No. 23-11545-IT; Jeannite v. Correia, C.A. No. 23-11638-WGY; Jeannite v. Sciacca, C.A. No. 23-11689-AK; Jeannite v. ADS Smith, C.A. No. 23-11812-IT; Jeannite v. Minnicucci, C.A. No. 23-11886-LTS; Jeannite v. Doe, C.A. No. 23-11887-AK; Jeannite v. Contelmo, C.A. No. 23-11977-TSH; Jeannite v. Horton, C.A. No. 23-11988-RGS; Jeannite v. Butler, C.A. No. 23-11989-LTS; Jeannite v. Parker, C.A. No. 23-11991-ADB; Jeannite v. White, C.A. No. 23-11992-AK; Jeannite v. Olivia, C.A. No. 23-11993-ADB; Jeannite v. Smith, C.A. No. 23-11994-AK; Jeannite v. Villa, C.A. No. 23-11995-MJJ; Jeannite v. Metruck, C.A. No. 23-11996-ADB.

if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Jeannite's complaint is patently frivolous. He claims that at 8:35pm on August 9, 2023, he was in the hot tub at a YMCA when the "light in the hot tub began flashing on and off repeatedly 20-30 times" and two female lifeguards began yelling to plaintiff and another patron that the pool area was closed. Compl. ¶¶ 4, 6. Jeannite believed this conduct was improper because the pool section did not close until 8:45. Id. ¶ 5. Jeannite and the other patron "smiled and spoke[] for a couple more minutes and knew the two life guard[s] breach[ed] their contract and policy." Id. ¶ 7. Jeannite asserts that "racism is the reason why the pink female life guard rudely flash[ed] the light about 20 times . . . . The pool area do[es] not close at 8:44. The pool area closes at 8:45." Id. ¶ 8. Jeannite seeks damages in the amount of $8 million and that "all the defendant's homes, 401k, and all asset under [her] name[] be liquidated due to defendant inflict[ing] mental anguish and pain and suffering." Id. at 11.

It is patently clear that Jeannite's claim of racial discrimination has no basis in fact or law. Treating Jeannite's factual assertions as true, the Court cannot reasonably infer that the lifeguard discriminated against Jeannite on the basis

4

of race by having him and another YMCA patron exit the pool area a few minutes earlier than the usual closure time.

The Court warns Jeannite that, should he continue to file frivolous actions of this nature, he will be subject to sanctions, including filing restrictions.

### III. Conclusion

Accordingly, the Court orders that this action be dismissed with prejudice for failure to pay the filing fee and because the complaint is frivolous.

**So ordered.**

                                          /s/ Nathaniel M. Gorton
                                          Nathaniel M. Gorton
                                          United States District Judge

Dated: 11/7/2023